EDWARD JOSLIN, BY NEXT FRIEND, PLAINTIFF, v. HUDSON CASUALTY INSURANCE COMPANY, DEFENDANT.

ROBERT CLAYTON, BY NEXT FRIEND, ET AL., PLAINTIFFS, v. HUDSON CASUALTY INSURANCE COMPANY, DEFENDANT.

Argued January 22, 1930—Decided March 7, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Burton A. Gaskill*.

For the defendant, *Walter Hanstein*.

PER CURIAM.

The suits are based on the so-called "omnibus clause" of defendant's accident liability policy in favor of one Antonio Pitale as owner of an automobile described in the policy. The evidence indicates, apparently without dispute, that while the automobile was being operated by Charles Pitale, son of the named assured, with the permission of the latter, there was an accident in which the several plaintiffs were injured; that they brought suits and recovered judgments against

Charles Pitale, and failing to collect by execution against him, sued the present defendant in reliance on the omnibus coverage clause just mentioned, and had verdicts which are now before us on these rules to show cause. The claims seemed regular enough on the face of things with one or two exceptions to be considered in a moment; but the main ground of defense goes below the surface and in particular attacks the insurance policy as fraudulent as against the company, in that the real owner of the car was not Anthony but Charles; and also that Anthony in taking out the policy had warranted falsely that no policy issued to him on an automobile had been refused or canceled for three years next preceding.

Three reasons are assigned—that the verdicts were against the weight of evidence, and this involves the matters of fraud and misrepresentation; that the court excluded testimony of the witness Ranere, and that the court received certain testimony of the witness Lola Burdick. This last will be considered in connection with weight of evidence, but the point relating to the Ranere testimony may well be disposed of at this time. It was sought to show that after the accident Charles had bought a new car and placed it in the name of his sister Annie. The court excluded this testimony, and properly so. The theory of the offer was that it would corroborate the claim that Charles was the real owner of the car that was in the accident; but on well settled principles this testimony would have been incompetent for any such purpose. No authority for admitting it is cited, and we find none.

The argument on weight of evidence rests on two averments in the answer, that Antonio had falsely warranted that he was unconditional and sole owner, and that he had similarly warranted no refusal or cancellation of a policy within three years. Both questions were fully and fairly treated in a charge to which no exception is now urged. The burden was on the defendant to sustain one or both defenses by weight of evidence. On the issue of ownership Antonio swore that he was the owner, and Charles also swore that Antonio was

the real as well as ostensible owner. The cross-examination developed certain inconsistencies but evidently not to such an extent as to satisfy the jury that Antonio was not owner. Much stress is laid on a statement by Charles to defendant's claim agent after the accident, which Charles explained by saying that he was then induced to claim ownership through representations by the claim agent that Antonio would be ruined by judgments in excess of the amount of the policy. As to all this it should be observed that Charles' statement is in no way evidential against Antonio and so valueless in any other aspect than as an impeachment of Charles' own testimony. Its force as such, and the plausibility and credibility of his explanation were for the jury; we are not disposed to disturb their finding in that regard.

So also as to the alleged cancellation. As the court pointed out, the burden was on the defendant of proving both that a policy had been issued to him, and that it had been canceled. There was evidence that such a policy had been written, but none that it had been actually delivered or even mailed. Receipt of the cancellation notice was denied; and as that former policy was not put in evidence or its provisions otherwise proven, we are in the dark as to what the terms of cancellation were. Hence, in view of the strict reasoning of *Fritz* v. *Pennsylvania Fire Insurance Co.*, 85 *N. J. L.* 171, we cannot say that the jury erred in finding this defense not proven.

Finally, error is alleged in permitting testimony that when Antonio applied for the policy underlying these suits, he was not asked anything about unconditional or sole ownership, or cancellation of any prior policy. While this may have been immaterial on the matter of warranty, it was plainly material and relevant on the claim of fraud which was distinctly raised in the case.

The rules will be discharged.